UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FLORETTA SNOW SORAPURU                          CIVIL ACTION

v.                                              NO. 12-326

STARWOOD HOTELS & RESORTS                       SECTION "F"
WORLDWIDE, INC.

ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

## Background

In this personal injury lawsuit, the plaintiff seeks to recover for injuries she suffered after she slipped and fell on the floor in the hallway near the entrance of the Oak Alley meeting room at the Sheraton Hotel in New Orleans.

On September 23, 2011 Floretta Snow Sorapuru arrived at the Sheraton New Orleans Hotel, located at 500 Canal Street in New Orleans, at around 6:30 a.m. to attend a school counselor scholarship breakfast. She signed in at the registration table in the hallway near the Oak Alley room. After signing in, Ms. Sorapuru walked down the hallway, placed her belongings on a table, and then walked down the same hallway toward the registration table to serve herself some breakfast from the serving tables along the hallway wall. She then walked back down the hallway into the Oak Alley room to eat breakfast and listen to the presentation. After

1

the presentation, Ms. Sorapuru spoke to the presenters and then walked back down the hallway, past the breakfast serving tables and the registration table, to use the restroom. She then returned to the registration table, reached in her purse to find her medication. While she walked back down the hallway to get a glass of water, Ms. Sorapuru slipped in the area where the carpet meets the tile floor, her left knee striking the floor and the fingers on her left hand were extended by touching the floor to break her fall.

Ms. Sorapuru's fall was captured on film. The film shows that, after walking down the same hallway at least four times, she slipped and essentially kneels on her left knee, with her fingertips on her left hand breaking her fall and touching the floor for balance. No other body part ever touches the floor. She then gets back up on her feet, walks to the end of the breakfast buffet line, where she pours herself a glass of water. She then walks back across the same hallway, retrieves her belongings from the registration table, and walks out of camera view.

Ms. Sorapuru was then escorted to her car by hotel personnel, at which time she got into her car, drove to Metairie to pick up t-shirts for a school program, and then drove to Algiers, where she went to work for the rest of the day. Ms. Sorapuru says that she went to the emergency room the next morning. Thereafter, she was eventually seen by three treating physicians: Dr. Eric George, Dr.

Benedict Idowu, and Dr. Jefferson Kaye.

On October 21, 2011 Ms. Sorapuru sued Sheraton New Orleans in state court; Starwood Hotels & Resorts Worldwide, Inc. was later added as a defendant. In her state court petition, Ms. Sorapuru alleges that, because of the defendants' negligence,[1] she slipped and fell on wet carpet and flooring near the entrance of the Oak Alley meeting room, and that she suffered or aggravated the following injuries: lumbosacral pain; cervical spine pain; knee pain; head pain, arms and writs pain; injuries to her back, neck, knees, arms, wrists, and head; and embarrassment and mental anguish. Ms. Sorapuru seeks to recover for past, present, and future medicals; physical and emotional pain and suffering; emotional trauma; mental anguish; and loss of income.

On February 1, 2012 Starwood Hotels & Resorts Worldwide, Inc. removed the suit to this Court, invoking the Court's diversity jurisdiction. Ms. Sorapuru testified in her deposition that she injured her back, neck, both arms and hands, both shoulders, her left side, and her left knee and that she has bad headaches from her neck injury. She also testified that she sustained bilateral

---

[1] In particular, Ms. Sorapuru alleges that Starwood failed to supervise its personnel, failed to properly train its personnel, failed to properly maintain and inspect the premises, failed to correct an unsafe and dangerous situation, failed to provide a safe environment for its customers and/or guests, failed to timely respond or react to a condition/circumstance which was hazardous and unsafe; and failed to properly or adequately post or mark the area as being unsafe or for guests to be cautious.

nerve damage. Starwood now seeks summary judgment in its favor, dismissing the plaintiff's claims against it.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with

competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II. Plaintiff's Burden Regarding Merchant Liability

*A.*

La.R.S. 9:2800.6 establishes the plaintiff's burden of proof in slip-and-fall claims against merchants, including innkeepers such as Starwood, "with respect to those areas of the premises [such as] lobby areas of or within the hotel". La.R.S. 9:2800.6(C)(2). Regarding liability, La.R.S. 9:2800.6 provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>> (1) The condition presented an unreasonable risk of harm to the

5

>              claimant and that risk of harm was
>              reasonably foreseeable.
> (2)    The merchant either created or had
>        actual or constructive notice of the
>        condition which caused the damage,
>        prior to the occurrence.
> (3)    The merchant failed to exercise
>        reasonable care.  In determining
>        reasonable care, the absence of a
>        written or verbal uniform cleanup or
>        safety procedure is insufficient,
>        alone, to prove exercise of
>        reasonable care.
>
> C.   Definitions
>
> (1)   "Constructive notice" means the
> claimant has proven that the condition existed
> for such a period of time that it would have
> been discovered if the merchant had exercised
> reasonable care.  The presence of an employee
> of the merchant in the vicinity in which the
> condition exists does not, alone, constitute
> constructive notice, unless it is shown that
> the employee knew, or in the exercise of
> reasonable care should have known, of the
> condition.
>
> ...

(emphasis added).

*B.*

Starwood contends that the plaintiff cannot prove an essential element of her claim -- medical causation -- and summary judgment is proper.

In addition to proving the statutory elements outlined in La.R.S. 9:2800.6, in a personal injury lawsuit, the plaintiff bears the burden of proving, by a preponderance of the evidence, a causal relationship between the injury sustained and the incident at issue.  <u>Davis v. Foremost Dairies</u>, 58 So.3d 977, 984 (La.App. 2

Cir. 2/16/11)(citing Monsanto v. Goodyear Tire & Rubber Co., 650 So.2d 757 (La. 2/20/95)). The test for proving the causal relationship between the accident and the subsequent injury is "whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident." Monsanto, 650 So.2d at 759.

Starwood contends that the plaintiff cannot prove through medical testimony that it is more probable than not that her alleged injuries were caused by her fall at the Sheraton. The Court agrees. The record demonstrates that plaintiff's primary treating doctors have been deposed and that all three doctors, after reviewing the surveillance film, testified that they cannot and will not opine that Ms. Sorapuru's alleged injuries are, more likely than not, related in any way to the September 23, 2011 incident shown on the film. Because the plaintiff has pointed to no medical testimony that it is more probable than not that the injuries about which she complains were caused by her fall at the Sheraton, summary judgment in favor of Starwood, dismissing the plaintiff's claims against it is proper; Starwood has carried its summary judgment burden by showing its entitlement to relief based on a complete absence of record evidence to support the mandatory element of medical causation. In fact, the record before the Court indisputably establishes the precise opposite. No material issue of fact is in dispute regarding the absence of the pivotal medical

causation element mandated by state law.

Accordingly, the defendant's motion for summary judgment is GRANTED. The plaintiff's claims against Starwood[2] are hereby dismissed with prejudice.[3]

New Orleans, Louisiana, February 5, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] It is undisputed that Starwood is the only proper defendant, and that the Sheraton New Orleans is not a proper defendant capable of being sued and, thus, the Sheraton New Orleans was never served. Accordingly, to the extent the plaintiff attempted to state claims against Sheraton New Orleans, those claims are likewise dismissed with prejudice.

[3] Because the plaintiff's lawsuit is dismissed, the pretrial conference and jury trial are moot; only Starwood's motion for sanctions, noticed for February 20, 2013, on the papers, remains pending in this matter.