## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**FLORETTA SNOW SORAPURU**                                **CIVIL ACTION**

**VERSUS**                                                            **NO: 12-0326-MLCF-SS**

**SHERATON NEW ORLEANS HOTEL**

### REPORT AND RECOMMENDATION

Before the Court is the motion of the defendant, Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"), for sanctions under Fed. R. Civ. P. 11 against the plaintiff, Floretta Snow Sorapuru ("Sorapuru"), and her former counsel, Malcolm Robinson.

### PROCEDURAL BACKGROUND

On December 14, 2011, Sorapuru filed a petition in state court. She alleged that on September 23, 2011, she sustained injuries at defendant's hotel, the Sheraton New Orleans Hotel, when she slipped and fell. Rec. doc. 1 (Attachment). She was represented by Richard Kohnke. Starwood removed the case to federal court. Rec. doc. 1. After an answer was filed, Mr. Kohnke withdrew. Rec. docs. 4 and 10.

On April 26, 2012, Mr. Robinson enrolled as counsel for Sorapuru. Rec. doc. 13. The trial was set for March 4, 2013. Rec. doc. 14. There were settlement conferences on November 27, 2012 and December 14, 2012. The parties were unable to negotiate a settlement. Rec. docs. 16 and 18.

On January 3, 2013, Starwood filed a motion for summary judgment. Rec. doc. 21. On January 7, it filed the motion for sanctions. Rec. doc. 26. On that same day, Mr. Robinson moved to withdraw. Rec. doc. 28. His motion was granted on January 9. Rec. doc. 29.

The motion for summary judgment was granted.  Rec. doc. 40.  The District Judge stated:

> Starwood contends that the plaintiff cannot prove through medical testimony that it is more probable than not that her alleged injuries were caused by her fall at the Sheraton.  The Court agrees.  The record demonstrates that plaintiff's primary treating doctors have been deposed and that <u>all three doctors, after reviewing the surveillance film, testified that they cannot and will not opine that Ms. Sorapuru's alleged injuries are, more likely than not, related in any way to the September 23, 2011 incident shown on the film.</u>  Because the plaintiff has pointed to no medical testimony that it is more probable than not that the injuries about which she complains were caused by her fall at the Sheraton, summary judgment in favor of Starwood, dismissing the plaintiff's claims against it is proper; Starwood has carried its summary judgment burden by showing its entitlement to relief based on a complete absence of record evidence to support the mandatory element of medical causation.  In fact, the record before the Court indisputably establishes the precise opposite.  No material issue of fact is in dispute regarding the absence of the pivotal medical causation element mandated by state law.

Rec. doc. 40 at 7-8 (emphasis added).  On February 6, 2013, a judgment was entered in favor Starwood and against Sorapuru dismissing her suit with prejudice.  Rec. doc. 41.  No appeal was taken from the judgment.

The District Judge referred the motion for sanctions under Rule 11 to the assigned Magistrate Judge.  Rec. doc. 42.  Mr. Robinson filed an opposition.  Rec. doc. 34.  Sorapuru did not file an opposition.  Starwood filed a reply.  Rec. doc. 46.

<u>ARGUMENTS OF THE PARTIES</u>

Starwood contends that Sorapuru and Mr. Robinson pursued the suit even though they had full knowledge of the absence of any evidentiary support for Sorapuru's claims.  It reports that:  (1) there was security/surveillance film of the incident at the hotel; (2) it provided the film to Mr. Kohnke in exchange for Sorapuru's medical records in his possession; (3) after he reviewed the film and before conducting any formal discovery, he withdrew; and (4) the film was produced to Mr. Robinson.

2

With regard to the medical evidence, Sorapuru insisted in her deposition that Dr. Benedict Idowu, a neurologist, would relate her claimed injuries to the alleged incident.  Dr. Eric George (orthopedist), Dr. Jefferson Kaye (orthopedic surgeon) and Dr. Idowu testified that there was no casual relation between her injuries and the alleged incident.

Starwood presented evidence that Sorapuru has filed seventeen lawsuits most of which were personal injury claims.  Rec. doc. 26 (Memorandum at 10-12).

Starwood made numerous requests that the suit be dismissed.  In August 2012, it made an offer of judgment of $1,000.00 which was refused.  On December 15, 2012, Starwood provided Mr. Robinson with a draft of the Rule 11 motion.  It requests that Sorapuru and Mr. Robinson pay all attorneys' fees and costs incurred by it in defending the claim.

Mr. Robinson argues that:  (1) Starwood is wrong to suggest that Sorapuru had no cause of action whatsoever; (2) the surveillance video reveals that Sorapuru slipped and fell;[1] (3) she went to the Ochsner ER where casts were placed on each of her arms; (4) he had no authority to dismiss the case without Sorapuru's consent; and (4) Starwood would have been required to incur the costs of defense even if he had withdrawn sooner.  Rec. doc. 34.

## RULE 11

Rule 11 is designed to reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions.  Along that line, attorneys certify to the best of their knowledge that allegations and other factual contentions submitted to the court have evidentiary support.

Jenkins v. Methodist Hospitals of Dallas, Inc., 478 F.3d 255, 263 -264 (5th Cir. 2007) (citations, quotation marks and brackets omitted).

---

[1] It is more accurate to say that Sorapuru slipped, knelt on her left knee and her left finger tips touched the floor for balance; no other part of her body touched the floor.  Rec. doc. 26 (Exhibit D-1).

"Rule 11 applies to every pleading, written motion, or other paper filed or served in the course of litigation, as well as advocacy of documents previously filed." Baicker-McKee, *Federal Civil Rules Handbook* (2011) at 388-89 (footnotes omitted).

> Rule 11(b)(3) requires an attorney to certify that the factual contentions in a pleading "have evidentiary support." Rule 11 sanctions may not be imposed against an attorney if there is evidence to support the lawyer's assertions. There is no requirement under Rule 11 that the attorney distinguish fact from inference.

Id. at 397-98 (footnotes omitted). "Rule 11(c) provides that in appropriate circumstances the court may sanction attorneys, law firms, or parties." Id. at 398 (footnote omitted).

"Motions for sanctions under Rule 11(c) must be made separately from other motions and must allege with specificity the alleged violation of Rule 11(b)." Id. at 401-02 (footnotes omitted).

> For the most part, sanctions for violations of Rule 11(b) are to be imposed primarily to deter similar violations by the offender or "others similarly situated." This policy represents a substantial change from previous versions of Rule 11, which included a substantially stronger interest in compensating parties who had been damaged by Rule 11 violations.

Id. at 405-06 (footnotes omitted).

## SORAPURU

Sorapuru, with the assistance of counsel, filed a frivolous lawsuit. Her three primary treating doctors, "after reviewing the surveillance film, testified that they cannot and will not opine that Ms. Sorapuru's alleged injuries are, more likely than not, related in any way to the September 23, 2011 incident shown on the film." Rec. doc. 40 at 7. Sorapuru's actions required that the District Judge and the Court devote time and resources to her meritless action, thereby retarding the progress of valid claims. The most effective way to deter Sorapuru from presenting a frivolous claim in the future is to enter a judgment against her for all of the reasonable attorneys' fees and costs incurred by Starwood in defending this litigation.

4

<u>MR. ROBINSON</u>

> The standard under which the attorney is measured under Rule 11 is an *objective, not subjective,* standard of reasonableness under the circumstances.  Accordingly, an attorney's good faith will *not,* by itself, protect against the imposition of Rule 11 sanctions.

<u>Jenkins</u>, 478 F.3d at 264 (citations, brackets, quotation marks omitted and emphasis in original).

While Mr. Robinson could not settle Sorapuru's claim without her consent, he was not required to represent her after it was clear that her treating physicians would not opine that her alleged injuries were, more likely than not, related in any way to the September 23, 2011 incident shown on the film.

Dr. George was deposed on November 26, 2012.  Rec. doc. 26 (Exhibit J).  Dr. Idowu was deposed on December 3, 2012.  Rec. doc. 26 (Exhibit K).  Dr. Kaye was deposed on December 6, 2012.  Rec. doc. 26(Exhibit H).  At that point it was clear to any observer that she had no case.  Yet, Mr. Robinson did not withdraw until January 9, 2013.  Rec. doc. 29.  He did not withdraw on December 15, 2012, when Starwood presented him with a draft of the motion for sanctions.

> Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose.  For example, an admonition by the court may be an appropriate sanction, in instances where the attorney's sanctionable conduct was not intentional or malicious, where it constituted a first offense, and where the attorney had already recognized and apologized for his actions.  On the other hand, sanctions should be sufficient to deter repetition of similar conduct.

<u>Jenkins</u>, 478 F.3d at 265 (citations and quotation marks omitted).

In these circumstances an admonition will not be sufficient to deter future conduct.  An award of all fees and costs incurred by Starwood is not required to deter future conduct.  Mr. Robinson will be assessed $1,000.00 as a sanction for the violation of Rule 11.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.    Starwood's motion for sanctions (Rec. doc. 26) be GRANTED in PART and that it be awarded sanctions from Sorapuru and Mr. Robinson.

2.    There be judgment in favor of Starwood and against Sorapuru for the reasonable attorneys' fees and costs incurred in the defense of this action.

3.    **Within twenty-one(21) days of the entry of this order,** Mr. Robinson be required to deliver to counsel for Starwood a check payable to Starwood for $1,000.00.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 1st day of May, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

**Clerk to Serve:**
Malcolm B. Robinson , Jr.
Malcolm B. Robinson, Jr., Attorney at Law
3408 Clearview Pkwy.
Metairie, LA 70006
504-888-0500
Email: malcolmrobinson@gmail.com