UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLORETTA SNOW SORAPURU** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-0326-MLCF-SS** |
| **SHERATON NEW ORLEANS HOTEL** | |

### REPORT AND RECOMMENDATION

Before the Court is the motion of the defendant, Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"), to set attorneys' fees and costs against the plaintiff, Floretta Snow Sorapuru ("Sorapuru").

### PROCEDURAL BACKGROUND

On May 30, 2013, the District Judge approved the undersigned's Report and Recommendation (Rec. doc. 51) and entered judgment in favor of Starwood and against Sorapuru for reasonable attorneys' fees and costs incurred by Starwood in defense of this action. The determination of the proper amount was referred. Rec. doc. 52.

On June 5, 2013, Starwood filed its motion for attorneys' fees of $58,786.50 and costs of $5,395.85. Rec. doc. 53. The Clerk served Sorapuru by regular mail, postage prepaid, with the June 6, 2013 order setting a June 18, 2012 deadline for Sorapuru's opposition. Rec. doc. 55. Sorapuru did not file any opposition to the motion for attorneys' fees and costs.

### ANALYSIS

To calculate an attorneys' fees award the district court first calculates the "lodestar." Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley

v. Eckerhart, 103 S. Ct. 1933, 1939-40 (1983). However, "the district court [retains] broad discretion in setting the appropriate award of attorneys' fees." Hensley, 103 S. Ct. at 1939-40.

In calculating the number of hours reasonably expended on the litigation, whether the total number of hours claimed were reasonable, and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by defendant's attorneys. Hensley, 103 S. Ct. at 1939-40. The district court must eliminate excessive or duplicative time. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993); see Hensley, 103 S. Ct. at 1939-40.

Starwood submitted the affidavit of its counsel, John Olinde. Rec. doc. 53 (Exhibit D). Appended to the affidavit as Exhibits 1 and 2 are ledger reports maintained by Mr. Olinde's law firm. The entries on Exhibit 1 were reviewed. The activity described by these entries reflects services provided by Starwood's counsel and paralegals in defense of Sorapuru's claims. The time for each activity is reasonable. The hours sought were reasonably expended.

All of the time was expended in 2012 and 2013. The hourly rate sought for the attorneys is $215.00. The hourly rates sought for paralegals are $70.00 and $90.00. In Greater New Orleans Fair Housing Action Center, et al v. St. Bernard Parish, 06-7185-HGB-SS (Rec. doc. 381), the Court approved rates of $250.00 to $275.00 per hour for partners and $125.00 to $175 per hour for associates for activity in 2009. The hourly rates for Starwood's attorneys and paralegals are reasonable. The lodestar is $58,786.50.

"The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve [Johnson] factors. . . ." Forbush, 98 F.3d at 821; see also Walker v. United States Dep't of Housing and Urban Dev., 99 F.3d 761, 771-73 (5th Cir.1996) (describing the limited circumstances in which an adjustment to the lodestar is appropriate). In Hensley the

Supreme Court noted that many of the Johnson factors are "subsumed" in the initial calculation of reasonable hours and rates. 103 S. Ct. at 1940 n. 9. There is no basis for a further adjustment of the lodestar.

Starwood seeks to recover $5,395.85 in costs. The costs are reflected on Exhibit 2 to Olinde's affidavit. The largest items were for fees to Sorapuru's physicians for their depositions and the payments to court reporters for the depositions of the doctors and Sorapuru. These came to more than $2,600. Starwood was required to incur more than $1,800 on filing fees and Sorapuru's medical records. The remaining costs of less than $1,000 include charges for travel to depositions, delivery services, and photocopying. The Fifth Circuit has held that "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable . . . because they are part of the costs normally charged to a fee-paying client." Associated Builders & Contractors of Louisiana, Inc., 919 F.2d 374, 380 (5th Cir. 1990). The costs sought by Starwood are reasonable.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. The motion of the defendant, Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"), to set attorneys' fees and costs (Rec. doc. 53) be GRANTED and it be awarded attorneys' fees of $58,786.50 and costs of $5,395.85 from Floretta Snow Sorapuru.

2. There be judgment in favor of Starwood and against Floretta Snow Sorapuru for attorneys' fees of $58,786.50 and costs of $5,395.85 for a total of $64,182.35.

## **OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of June, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**